UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff(s),<br><br>           v.<br><br>JOEL KENNETH AUSBIE,<br><br>                                Defendant(s). | Case No. 2:16-CR-155 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Calvin Robinson's *pro se* emergency motion for compassionate release. (ECF No. 247). The United States of America ("the government") filed a response, (ECF No. 254), and defendant filed no reply.

**I.  Background**

Defendant has been incarcerated since 2018 for conspiracy to commit arson. Defendant tested positive for COVID-19 on April 17, 2020. (ECF No. 247). He was asymptomatic and has since recovered from the infection without treatment. (ECF No. 254).

While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, have run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease Control, *People Who Need to Take Extra Precautions,* (June 25, 2020).[1] The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death." *See* Center for Disease Control, *Evidence used to update the*

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

**James C. Mahan**
**U.S. District Judge**

*list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (June 25, 2020).[2]

The CDC admits that its list of at-risk persons "is a living document that will be periodically updated by CDC, and it could rapidly change as the science evolves," and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.* (emphasis in original); *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[3] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[4]

Defendant requests that this court modify his sentence due to his concerns involving reinfection. (ECF No. 247).

## II.  Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an 'express rule to the contrary.'" *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule is relevant here: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Instead, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative

---

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

[3] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[4] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  remedies before doing so. *Id.*  Since the enactment of the First Step Act, a defendant may file a
2  compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

3        To be eligible for compassionate release, a defendant must demonstrate: (1) the existence
4  of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18
5  U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under USSG § 1B1.13, "extraordinary and compelling
6  reasons" include, amongst other things, terminal illnesses and medical conditions "that
7  substantially diminishes the ability of the defendant to provide self-care within the environment of
8  a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

9  **III.  Discussion**

10       Defendant has plainly not satisfied the exhaustion requirements of 18 U.S.C. §
11 3582(c)(1)(A).  Defendant does not contend to have made the requisite request, (ECF No. 404),
12 and the government claims that the Bureau of Prisons has no such records.  For this reason, this
13 court denies defendant's motion.

14       However, this court notes that, even with exhaustion satisfied, relief is unwarranted.
15 Uniquely, defendant was already diagnosed with COVID-19 and he successfully recovered
16 without medical assistance.  (ECF No. 254).  If this court were to rule on "extraordinary and
17 compelling reasons," this fact would militate against defendant's release; he has already weathered
18 the virus without issue despite his alleged conditions—type 2 diabetes, high blood pressure, and
19 high cholesterol.

20 **IV.  Conclusion**

21       Accordingly,

22       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for
23 compassionate release (ECF No. 247) be, and the same hereby is, DENIED.

24       DATED July 6, 2020.

                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**